**FRONTIER TELEPHONE OF ROCH-ESTER INC., Petitioner–Cross–Respondent,**

**Rochester Telephone Workers Association, Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent–Cross–Petitioner.**

No. 05–4710–cv.

United States Court of Appeals, Second Circuit.

May 16, 2006.

Richard M. Reice, Brown Raysman Millstein Felder & Steiner LLP (Rebecca Tapie, on the brief), New York, NY, for the Petitioner–Cross–Respondent.

Michael T. Harren, Chamberlain D'Amanda Oppenheimer & Greenfield LLP, Rochester, NY, for the Respondent.

David A. Fleischer, Senior Attorney, National Labor Relations Board (Ronald Meisburg, General Counsel; John E. Higgins, Jr., Deputy General Counsel; John H. Ferguson, Associate General Counsel; Aileen A. Armstrong, Deputy Associate General Counsel; Meredith L. Jason, Supervisory Attorney, on the brief), Washington, D.C., for the Respondent–Cross–Petitioner.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges.*

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit,

---

* Judge Richard C. Wesley, who was originally a member of the panel, recused himself prior to oral argument. The remaining members of this panel, who are in agreement, have decided the case pursuant to 2d Cir. R. § 0.14(b).

held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 16th day of May, two thousand and six.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED and that the National Labor Relations Board's cross-petition for enforcement is GRANTED.

Frontier Telephone of Rochester, Inc. ("Frontier") seeks review of an order of the National Labor Relations Board ("the Board") finding that Frontier engaged in unfair labor practices when it agreed to accrete an unrepresented group of internet help-desk employees ("IHDs") into an existing bargaining unit of Frontier employees ("CSRs") represented by the Rochester Telephone Worker's Association ("RTWA") and when it terminated the employment of Ronald Boulware. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

■ Frontier contends that the Board mistakenly relied on "the degree of separate daily supervision" between the IHDs and CSRs in determining whether accretion was appropriate because that inquiry applies only in cases involving employees at multiple facilities. Neither this Court nor the Board has held that "the degree of separate daily supervision"—a standard factor in the test for evaluating accretion—is irrelevant in cases involving a single facility. *See, e.g., Coca–Cola Bottling Co. of Wisconsin,* 310 NLRB 844, 1993 WL 92246 (1993) (assessing the degree of "separate day-to-day supervision" over employees at a single facility). Thus, the Board did not abuse its discretion when it considered the degree to which IHDs and CSRs experienced separate daily supervision.

■ Frontier further contends that the Board did not offer substantial evidence to support its finding that "employee interchange" was rare between IHDs and CSRs. The Board found that during the relevant time period, there were no temporary transfers between the groups, no permanent transfers of IHDs to CSR positions, and only five permanent transfers of CSRs to IHD positions. Frontier does not dispute this finding, but contends that the Board should have focused not on actual transfers, but on whether IHDs and CSRs were in regular contact, filled in for each other, or were capable of filling in for each other. Although the Board rejected this conception of "employee interchange," it nonetheless cited record evidence indicating that CSRs "ha[d] only occasional face-to-face contact or interaction" with IHDs, that IHDs and CSRs were not trained to do each other's jobs, and that even if they had been trained to do each other's jobs, they did not do so in practice.

■ Finally, Frontier asserts that the Board abused its discretion when it concluded that the totality of factors weighed against a finding of accretion. In this case, the Board carefully assessed all of the relevant factors, finding not only a high degree of separate daily supervision and a near-total lack of employee interchange, but also "important differences between the [IHDs'] and CSRs' terms and conditions of employment," and "significant difference[s] between . . . their skills and duties." These findings are supported by substantial evidence, as is the Board's finding that the IHDs were historically excluded from the CSRs' collective bargaining contract. In light of these well-supported findings, we cannot say that the Board abused its discretion when it determined "that the factors that favor an accretion do not outweigh the factors that militate against such a finding." *See Al-*

lentown Mack Sales & Serv., Inc. v. NLRB, 522 U.S. 359, 366–67, 118 S.Ct. 818, 139 L.Ed.2d 797 (1998) (stating that we must accept a determination made by the Board if it "is supported by substantial evidence on the record as a whole" and if "it would have been possible for a reasonable jury to reach the Board's conclusion"). Moreover, even if the Board's presumption that a single facility will have an identity distinct from other facilities owned by the same employer, see, e.g., J & L Plate, 310 NLRB 429, 1993 WL 37605 (1993), has any bearing on the instant case—which involves units within a single facility—the Board did not abuse its discretion when it considered all of the relevant factors and found that accretion was inappropriate in this case.

■ Substantial evidence also supports the Board's conclusion that Frontier engaged in an unfair labor practice when it terminated the employment of Ronald Boulware due to his activities on behalf of the Communications Workers of America ("CWA"), which was attempting to unionize the IHDs. On March 8, 2002, the Frontier Help Desk Manager obtained documents indicating Boulware's support for, and efforts on behalf of, the CWA. The Help Desk Manager gave a copy of this material to Boulware's supervisor. Boulware testified that on March 14, 2002, he observed his supervisor looking at the CWA mission statement posted on Boulware's personal website, speaking on the telephone, and describing the website and naming the Frontier employees it listed as CWA supporters. On March 20, Boulware was discharged. The fact that Boulware was discharged six days after his supervisor was made aware of his efforts on behalf of the CWA, and one week after Frontier extended its bargaining agreement with the RTWA to cover the IHDs, is sufficient to support the Board's determination that Boulware's discharge was partially motivated by anti-union animus. See Abbey's Trans. Servs., Inc. v. NLRB, 837 F.2d 575, 579 (2d Cir.1988) (stating that when we review a determination by the Board that an employee's discharge was partially motivated by anti-union animus, "the test we apply is not whether we might make a different choice between inferences were the matter before us de novo," but whether the Board's inference was reasonable).

We have held that "where an employer's discharge of an employee is shown to be partially motivated by anti-union animus, the employer can avoid a violation only by showing that it would have taken the same action even in the absence of the employee's support of the union." NLRB v. Future Ambulette, Inc., 903 F.2d 140, 143 (2d Cir.1990). Frontier alleges that the principal reason it discharged Boulware was that he transferred the contents of the company's internal electronic message board to his own website in violation of a valid work rule. The Board did not abuse its discretion when it found that Frontier had failed to establish that it would have fired Boulware in the absence of his support for the CWA because the company did not discharge Boulware at the time it discovered his violation of this rule and did not mention the violation in his subsequent performance review.

For the reasons stated above, Frontier's petition for review is DENIED and the National Labor Relations Board's cross-petition for enforcement is GRANTED.